UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MIKEN CONSTRUCTION CO., INC.,** | ) | **CASE NO.1:19CV1308** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **SAFEGUARD PROPERTIES** | ) | **OPINION AND ORDER** |
| **MANAGEMENT, LLC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motions for Judgment on the Pleadings of Defendants Bank of America, N.A. (ECF # 46), Dovenmuhle Mortgage, Inc. (ECF # 47), PNC Bank, N.A. (ECF # 48), Nationstar Mortgage, LLC. (ECF # 49), U.S. Bank N. A. (ECF # 50), MidFirst Bank (ECF # 51), Residential Real Estate Management, Inc. (ECF # 53), M & T Bank Corp. (ECF # 54), Ocwen Financial Corp. (ECF # 55), Cenlar FSB (ECF # 58), Fifth Third Bank, N.A. (ECF # 59), JP Morgan Chase Bank, N.A. (ECF # 60) and CitiMortgage, Inc. (ECF # 62). For the following reasons, the Court denies the Motions.

Plaintiff Miken Construction Co., Inc. alleges Defendant Safeguard Properties, LLC. provides nationwide mortgage field services such as property inspections, property

preservation, real estate maintenance and property rehabilitation to the mortgage lending industry, including Defendant lenders and servicers. In turn, Safeguard uses a network of subcontractors, including Plaintiff, to provide the above services pursuant to a Master Services Agreement ("MSA") between Plaintiff and Safeguard and work orders from Safeguard. From 2014 through 2018, Miken provided general contracting services for Safeguard for which it alleges it has not been fully compensated. Miken alleges Breach of Contract claims against Safeguard for failing to fully compensate Miken under the terms of the MSA and work orders. Miken also asserts Unjust Enrichment claims against the Defendant lenders and servicers because they allegedly received the benefit of Miken's labor without full payment.

Defendant lenders and servicers move to dismiss Plaintiff's Unjust Enrichment claims, contending they have fully paid Safeguard for the work performed, therefore, they have not been unjustly enriched. In addition, Miken has adequate contractual remedies at law to recover monies it is allegedly owed by Safeguard and it is not entitled to double recovery. Moreover, Ohio law requires a subcontractor to first exhaust its remedies against the general contractor before it may recover against the property owner for Unjust Enrichment. Finally, the lender's and servicer's contracts with Safeguard require Safeguard to defend and indemnify them against Miken's claims. Consequently, Defendants assert that Plaintiff's Unjust Enrichment claims must be dismissed.

## **LAW AND ANALYSIS**

**Standard of Review**

After the pleadings are closed but within such time as not to delay the trial, any party

may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A Rule 12(c) motion "is granted when ***no material issue of fact*** exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added). A written instrument attached to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007).

**Unjust Enrichment**

There is no dispute that in addressing the Motions in this case, the Court applies federal procedural law and Ohio substantive law as the MSA contains a choice of law

provision evidencing Plaintiff's and Safeguard's agreement that any disputes arising out of the MSA be governed by Ohio law. Furthermore, Plaintiff's Unjust Enrichment claim is also governed by Ohio law. "A federal court deciding a matter under its diversity jurisdiction applies federal law to procedural issues and the law of the forum state to substantive questions." *Express Packaging of OH, Inc. v. Am. States Ins. Co.,* 800 F. Supp. 2d 886, 890 (N.D. Ohio 2011), aff'd, 486 F. App'x 562 (6th Cir. 2012).

"To succeed on a claim for unjust enrichment, a plaintiff must prove: (1) that a benefit was conferred by the plaintiff on the defendant; (2) the defendant's knowledge of the benefit; and (3) the improper retention of the benefit." *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.,* 750 F. Supp. 2d 839, 849 (N.D. Ohio 2010).

Defendants raise three arguments for dismissal. First, Defendants contend Plaintiff undisputedly has a contract with Safeguard to provide mortgage field services. Because Plaintiff's contract with Safeguard covers the payments for services that are the subject of Plaintiff's Unjust Enrichment claim, Ohio law does not allow recovery on an unjust enrichment theory when a contract governs the subject transactions. However, the Court holds that Federal Rule of Civil Procedure 8 allows for alternative pleading. In addition, Defendant lenders and servicers do not have a contractual relationship with Miken. Therefore, the Court finds at this stage of the proceedings, Plaintiff may plead both Unjust Enrichment and Breach of Contract claims. See *Cunningham Property Management Trust v. Ascent Resources-Utica, LLC.,* 351 F.Supp.3d 1056, 1066 (S.D. Ohio 2018).

Second, Defendants contend Ohio law does not permit a subcontractor to bring an Unjust Enrichment claim against a third party property owner when the property owner has

fully paid under its contract with the general contractor.

Ohio law holds that "[c]ircumstances may exist to support an unjust enrichment claim against a non-contracting party who benefits from the uncompensated work of one of the parties to the contract." *Res. Title Agency, Inc. v. Morreale Real Estate Servs., Inc.,* 314 F. Supp. 2d 763, 772 (N.D. Ohio 2004) quoting *Nationwide Heating & Cooling, Inc. v. K & C Construction,* 1987 WL 16802, at *2 (Ohio App.1987). "Unreported Ohio Court of Appeals cases support the proposition that, in the contractor/subcontractor context, when the subcontractor is not paid by the contractor and the owner has not paid the contractor for the aspect of the job at issue, the subcontractor can look to the owner for payment under a theory of unjust enrichment." *Reisenfeld & Co. v. Network Grp., Inc.,* 277 F.3d 856, 861–62 (6th Cir. 2002) *citing Ross–Co Redi Mix Co. v. Steveco, Inc.,* No. 95CA3, 1996 WL 54174, at *3 (Ohio Ct.App. Feb.6, 1996); see also *Brower Prods. Inc. v. Musilli,* Nos. 98CA58; 98CA59, 1999 WL 317122, at *2 (Ohio Ct.App. May 21, 1999); *Steel Quest, Inc. v. City Mark Constr. Servs.,* NO. C–960994, 1997 WL 674614, at *2 (Ohio Ct.App. Oct. 31, 1997) (citing Ross–Co ). The Sixth Circuit in *Reisenfeld* cited favorably an Ohio Court of Appeals decision, *Booher Carpet Sales, Inc. v. Erickson,* No. 98–CA–0007, 1998 WL 677159, at *7 (Ohio Ct.App. Oct. 2, 1998), wherein the Ohio Court of Appeals wrote in a case with similar factual allegations as those presented in this case:

> That event occurs when a property owner has not paid his general contractor the full amount originally bargained for under the contract and either the improvements are complete or enough funds remain under the contract to compensate the subcontractor and to finish construction. In this circumstance, the owner enjoys, at the subcontractor's expense, an unfair windfall from whatever caused the general contractor to accept less than the agreed amount and breach its obligation to the subcontractor. The owner receives the benefits of the subcontractor's performance, but avoids paying anyone for it. In this

situation, a finding of unjust enrichment is warranted.

Here, the lenders and servicers all allege they were not unjustly enriched because they paid Safeguard for the services rendered by Safeguard's subcontractors pursuant to their agreements with Safeguard. Ohio courts have held, "At the other end of the spectrum of possible unfair enrichment cases lies the circumstance in which the property owner has already paid the general contractor the whole amount of the original contract price. In such a case, the subcontractor's claim fails because the owner has not been unjustly enriched." *Booher Carpet Sales, Inc.,* 1998 WL 677159, at *7 citing *New Haven Supply Co. v. Murphy* (1989), 65 Ohio App.3d 660, 664, 584 N.E.2d 1319; *Fairfield Ready Mix. v. Walnut Hills Assoc., Ltd.* (1988), 60 Ohio App.3d 1, 3, 572 N.E.2d 114.

The parties dispute whether the lenders and servicers fully paid on the contracts between them and Safeguard. Plaintiff alleges the servicers and lenders did not fully compensate Safeguard for the contracting services provided at the properties by Miken while the servicers and lenders contend they paid on their contracts with Safeguard in full. Because there is a disputed issue of payments and because on a 12(c) motion " we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law, " *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007), Defendants are not entitled to judgment as a matter of law as there is a material fact whether Defendants made full payment.

As part of this argument, Defendants further assert that under Ohio law, Plaintiff is barred from pursuing its remedies against the property owners without first exhausting its

claims against the general contractor. In *Apostolos Group, Inc. v. Josephson,* No. 20733, 2002 WL 242111, (Ohio App. 9th Dist. 2002), the Ohio appellate court held, "before a subcontractor may pursue an action against a property owner for unjust enrichment, the general contractor must be unavailable for judgment and unable to obtain the money that the subcontractor demands from the property owner." *Id.* at *1. The appellate court reasoned that this restriction "prevents the subcontractor from making a double recovery," which Ohio law prohibits, or "requiring the property owner from paying twice for the same performance." *Id.* See also *Booher,* 1998 WL 677159, at *7). ("Thus, an unjust enrichment claim will not lie where the possibility exists that either the subcontractor could make a double recovery or the homeowner could pay twice for the same performance.").

Concerns over potential double recovery are not present in this case because both the general contractor and the property owners are named in the suit and the Court is able, under these facts, to ensure there is no double recovery.

Lastly, Defendants raise an additional equitable consideration that Defendant lenders and servicers allege that Safeguard is contractually obligated to indemnify and defend them under their contracts with Safeguard for mortgage field services. Thus, according to Defendants, no equitable relief should lie against the lenders and servicers when Safeguard is contractually obligated to indemnify them. The Court is unaware of any authority that would warrant the dismissal of Plaintiff's Unjust Enrichment claim against lenders and servicers due solely to the existence of an indemnification clause between co-defendants. While the indemnification clause may protect the lenders and servicers from payment of damages, the Court is unaware of any authority that holds the existence of an indemnification clause shields

the indemnified party from liability.

Therefore, for the foregoing reasons, the Court denies Defendants' Motions on Plaintiff's Unjust Enrichment claims.

IT IS SO ORDERED.


Date: September 1, 2020     /s/Christopher A. Boyko
                            CHRISTOPHER A. BOYKO
                            Senior United States District Judge